```
                                                                            FILED
                                                                          JUN - 4 2010
         UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF COLUMBIA                                Clerk, U.S. District & Bankruptcy
                                                                   Courts for the District of Columbia
```

EMMANUEL S. ROBINSON,           )
                                )
                  Plaintiff,    )
                                )
v.                              )     Civil Action No.  **10 0918**
                                )
FREDERICK J. BRYNN, P.C.,       )
                                )
                  Defendant.    )

## MEMORANDUM OPINION

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff brings this civil action against Frederick J. Brynn, the attorney he hired to represent him in a tort action arising from an automobile accident on February 7, 2008. Compl. at 1-2. He alleges that defendant committed legal malpractice and fraud, breached their contract, and otherwise was grossly negligent in the performance of his dues as retained counsel. *See id.* at 1-, 5-6 (Counts One, Two, Four and Five). Plaintiff demands a declaratory judgment and compensatory and punitive damages. *Id.* at 6.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. In addition, federal district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a).

Notwithstanding plaintiff's reliance on 42 U.S.C. § 1983, nothing in the complaint suggests that defendant acted under color of District of Columbia law. This alone is fatal to

plaintiff's civil rights claim. *See Edwards v. Okie Dokie, Inc.*, 473 F. Supp. 2d 31, 41 (D.D.C. 2007) (dismissing § 1983 claim against a nightclub absent an allegation in the complaint or any evidence produced in opposition to summary judgment motion that nightclub was acting under color of District of Columbia law). Moreover, although plaintiff demands damages in excess of the $75,000 threshhold, he does not establish that the parties reside or conduct business in different states. Plaintiff, therefore, fails to establish jurisdiction based on diversity of citizenship.

The Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion is issued separately.

/s/ Ellen S. Huvelle
United States District Judge

DATE: 5/4/10